UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| T.V., a minor b/n/f JAMIE VOILS,       )<br>    *Plaintiff*,                                      )<br>                                                         )<br>    *vs*.                                               )<br>                                                         )<br>AMERICAN MARKETING ENTERPRISES, )<br>KOHL'S DEPARTMENT STORES, INC., and LI & )<br>FUNG LIMITED,                                  )<br>    *Defendants*.                                )  | 1:12-cv-01330-JMS-DKL |

## **ORDER TO FILE JOINT JURISDICTIONAL STATEMENT**

Defendants American Marketing Enterprises ("AME"), Kohl's Department Stores, Inc. ("Kohl's"), and Li & Fung Limited ("Li & Fung") filed a Notice of Removal on September 17, 2012, [dkt. 1], and, on the Office of the Clerk's instruction, a "redacted" version of the Notice of Removal (omitting the minor Plaintiff's full name) on September 18, 2012, [dkt. 7]. In the Notice, Defendants state that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because: (1) "Upon information and belief, Plaintiff is an Indiana resident," [dkt. 7 at 2, ¶ 7]; (2) AME is a New York corporation with its principal place of business in New York, [*id.* at 2, ¶ 8]; (3) Kohl's is "located at N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051, with its principal place of business in the state of Wisconsin," [*id.* at 2, ¶ 9]; (4) Li & Fung is "a corporation headquartered outside of the United States, in Hong Kong, China," [*id.* at 2, ¶ 10]; and (5) although there is no specific amount in controversy alleged in the Complaint, "based on information and belief, and the alleged injuries, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00," [*id.* at 2, ¶ 6].

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being

- 1 -

hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Because neither the Notice of Removal, [dkt.7], nor the Complaint, [dkt. 7-1], provides Plaintiff's citizenship, Kohl's place of incorporation, or Li & Fung's place of incorporation, and since the Notice of Removal bases statements regarding the amount in controversy "upon information and belief," the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, the parties are reminded that: (1) an allegation of residency is not enough to establish diversity jurisdiction, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); (2) residency and citizenship are not the same, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and it is the citizenship that matters for purposes of diversity, *id.*; (3) a corporation is deemed a citizen of the place of incorporation *and* a citizen of the place where it has its principal place of business, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006); (4) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); and (5) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **October 3, 2012** setting forth Plaintiff's citizenship, Kohl's place of incorporation, Li & Fung's place of incorpo-

ration, and allegations regarding the amount in controversy upon personal knowledge rather than information and belief. If the parties cannot agree on these, or any other, jurisdictional requirements, they are ordered to file competing jurisdictional statements by **October 3, 2012** setting forth their positions. The joint jurisdictional statement, or competing jurisdictional statement, shall satisfy Plaintiff's and Defendants' obligations under Local Rule 81-1.

Defendants' Motion to Seal Document, [dkt. 5], is **GRANTED** and the Clerk is directed to seal the Notice of Removal and its exhibits, [dkt. 1]. The Court notes that the state court Complaint, attached as an exhibit to the "redacted" Notice of Removal, [dkt. 7], still contains the minor Plaintiff's full name. Accordingly, the Court directs the Clerk to also seal the "redacted" Notice of Removal and its exhibits, [dkt. 7], and Defendants are ordered to file another redacted Notice of Removal, with the minor Plaintiff's full name redacted from all exhibits including the state court Complaint, for public viewing in the Court's ECF system.

09/19/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Thomas C. Hays
LEWIS WAGNER LLP
thays@lewiswagner.com

Valerie Lynn Hughs
LEWIS WAGNER LLP
vhughs@lewiswagner.com

Bradford James Smith
KEN NUNN LAW OFFICE
bjsmith@kennunn.com